**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**ERIC ADAMS,** )
)
**Petitioner,** )
)
**vs.** ) **CIVIL NO. 04-805-DRH**
)
**RANDY DAVIS,** )
)
**Respondent.** )

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. His initial petition (Doc. 1) presents 13 different points of argument. He subsequently filed a motion to amend (Doc. 3), followed by a supplement (Doc. 4) and four more amendments (Docs. 5-8), each of which adds one additional point of argument without reiterating everything presented in the initial petition. For purposes of this order, the motion to amend (Doc. 3), which the Court construes as a motion to supplement, is **GRANTED**. All other "amendments" are now construed as supplements to the initial petition.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that

Petitioner is not entitled to relief, and the petition must be dismissed.

The pleadings in this case are rife with overused Latin phrases and other legal terms of art. After wading through this morass of words, the Court concludes that Petitioner is attempting to challenge the validity of his 1995 conviction and sentence for violations of RICO and the Hobbs Act, among other charges. *See United States v. Adams*, Case No. 94-CR-0460-RR (E.D.N.Y., filed May 4, 1994), *aff'd* 101 F.3d 684 (2d Cir.), *cert denied*, 519 U.S. 904, *reh'g denied* 519 U.S. 1049 (1996). His underlying claim is relatively simple: he argues that the Eastern District of New York lacked subject matter jurisdiction over the criminal proceedings against him. He bases this claim on a belief that because the state of New York had indicted him first, the federal court had no authority to remove criminal proceedings from the state court to a federal court. However, the bulk of his dissertation is an attempt to convince this Court that § 2241 can provide a remedy, and that this Court has jurisdiction to consider the matter. Petitioner is incorrect.

As clearly and correctly explained to Petitioner on more than one occasion, § 2241 is not the proper method to challenge his conviction, which is exactly what he is attempting to do here. *See, e.g., Adams v. Holt*, Case No. 01-cv-579-ZLW (D. Colo., order entered May 31, 2001) (Doc. 1, case at bar, Exh. H–22-26), *aff'd*, Appeal No. 01-1274 (10th Cir., filed June 7, 2001), *cert. denied*, 537 U.S. 842 (2002); *Adams v. United States*, Case No. 03-CV-0288 (E.D. N.Y., order entered Jan. 24, 2003) (Doc. 1, case at bar, Exh. H–16-18), *aff'd*, 372 F.3d 132 (2d Cir. 2004), *reh'g denied* (2d Cir., decided Sept. 27, 2004) (Doc. 1, case at bar, Exh. H–19-21). The voluminous exhibits attached to the initial petition indicate that Petitioner has tried to raise his subject-matter challenge on many occasions, all without success. In addition to the cases already listed, Petitioner has raised this claim under 28 U.S.C. § 2255, *Adams v. United States,* Case No. 97-cv-01241-RR (E.D.N.Y., filed Mar.

14, 1997), and in an application for leave to file a second or successive motion under § 2255. *Adams v. United States*, Case No. 00-3726 (2d Cir., decided Oct. 10, 2000) (Doc. 1, case at bar, Exh. H–7-11).[1]

The principles of law relied upon by the district judges in Colorado and New York are equally applicable here in Illinois. *See, e.g.*, *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998) (a Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence); *Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

In conclusion, this Court does not have jurisdiction to consider Petitioner's challenge to his 1995 conviction, and this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: July 24, 2005**

/s/ David RHerndon
**DISTRICT JUDGE**

[1] An earlier attempt in Colorado was dismissed for failure to cure procedural deficiencies. *See Adams v. Holt*, Case No. 00-cv-2189-ZLW (D.Colo., filed Nov. 3, 2000).