IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC ADAMS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   **CIVIL NO. 04-805-DRH** |
| | ) |
| **RANDY DAVIS,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner Eric Adams refuses to let this case die. On July 25, 2005, this Court dismissed this action, finding that this Court did not have jurisdiction to consider a challenge to his 1995 conviction in New York (Doc. 9). Adams appealed; that appeal was unsuccessful. *Adams v. Davis*, Appeal No. 05-3270 (7th Cir., filed Aug. 3, 2005). He then filed a petition for writ of mandamus in the Seventh Circuit, which was denied on July 12, 2006. *Adams v. Herndon*, App. No. 06-2743 (7th Cir., filed June 26, 2006).

Now before the Court is Adams's motion for relief from judgment (Doc. 21), filed on December 15, 2006, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, a motion pursuant to Rule 60(b) "shall be made within a reasonable time, and... not more than one year after the judgment... was entered... " It is clear that this motion is untimely. It is even clearer that the motion is devoid of merit. Accordingly, the instant motion is **DENIED**.

Adams is now **REMINDED** that **THIS CASE IS CLOSED**.  He should not file anything else in this action.  If he chooses to persist in filing baseless pleadings in this Court regarding his 1995 conviction in New York, he is now **WARNED** that he may be subject to monetary sanctions in the future.  *See* FED.R.CIV.P. 11.

**IT IS SO ORDERED.**

**DATED:   December 18, 2006.**

/s/   David   RHerndon
**DISTRICT JUDGE**